IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CORY O. BLACK,

                Petitioner,      :      Case No. 3:17-cv-407

   - vs -                                District Judge Walter H. Rice
                                          Magistrate Judge Michael R. Merz

Warden,
  Southern Ohio Correctional Facility,

                                     :

               Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Petitioner Black seeks relief from a ten-year incarceration sentence imposed by the Montgomery County Common Pleas Court in Case No. 2008-CR-4075 (Petition, ECF No. 7, PageID 27).

The Petition shows on its face that Mr. Black pleaded no contest to all charges in the indictment which he recites as three counts of felonious assault, discharging a firearm at or near prohibited premises, having weapons while under disability, and tampering with evidence. *Id.* at PageID 28. He took no appeal, so his conviction became final July 30, 2009, thirty days after he was sentenced. He later wrote to Judge Singer for clarification of his sentence, but that letter did not result in an amended judgment (See ECF No. 7-1, PageID 42.)

1

28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). However, before doing so it must give the Petitioner notice and an opportunity to respond. *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015).

The form of habeas corpus petition asks the Petitioner to show why his Petition is timely under this statute of limitations. Petitioner Black asserts his attorney was unresponsive and he "was unaware of any limitation at the moment do [sic] to the medication that caused memory loss

2

and disfunctional [sic] ways of behavior." Even if these facts were proved, they would not excuse a filing delay of more than eight years.

Therefore it is respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations unless Petitioner provides some legally adequate explanation of the delay in any objections he files to this Report. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 3, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).