# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CORY O. BLACK,

              Petitioner,     :     Case No. 3:17-cv-407

  - vs -                           District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

Warden,
  Southern Ohio Correctional Facility,

                                    :

              Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 9) to the Magistrate Judge's Report (ECF No. 8) which recommended dismissal of the Petition as barred by the statute of limitations. Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 10).

The Petition itself shows Mr. Black pled no contest to three counts of felonious assault, discharging a firearm at or near prohibited premises, having weapons while under disability, and tampering with evidence. (Amended Petition, ECF No. 7, PageID 28. He took no appeal, so his conviction became final July 30, 2009, thirty days after he was sentenced. Under the one-year statute of limitations codified at 28 U.S.C. § 2244(d), the habeas corpus petition was required to be filed not later than July 30, 2010, but was not in fact filed until December 8, 2017.

The Report discounts Black's claim of a later starting date arising from a letter he wrote to Judge Singer asking for clarification of the judgment. In response, Judge Singer specifically

1

refused to amend the judgment, although he ordered the docket changed to be clearer. A docket amendment is not the same as a judgment amendment for habeas corpus purposes. Compare *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015). The original sentencing judgment has never been amended. (See ECF No. 7-1, PageID 42.)

To excuse the delay, Black blames medication he was taking at unspecified dates which he says caused memory loss and dysfunctional behavior. He asserts the Court should investigate that and gives a telephone number at the Southern Ohio Correctional Facility. Federal courts are not authorized to investigate claims like this on behalf of litigants. Rather, Petitioner has the obligation to furnish proof, by documentation or affidavit from SOCF personnel, of the diagnoses and medications.

In a further attempt to excuse the delay, Black says the Court has not investigated whether attorneys Bobby Jo Cox, Chris Wesner, and Ben Swift have been "unresponsive." But Black offers no proof that he has sought responses from them or what information they have that would have permitted him to file earlier. Black is not entitled to appointed counsel to pursue a habeas corpus claim. The right to appointed counsel extends to the first appeal of right and no further, so the unresponsiveness of his prior counsel, assuming it occurred, would be immaterial. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).

Mr. Black also offers a defense on the merits to his original charges, claiming he acted in self defense and claiming the benefit of the "stand your ground" law. But the time to do that was when the charges were initially brought. Mr. Black with the assistance of counsel pled no contest to the charges that resulted in his imprisonment. It is simply too late now to claim innocence and in fact Mr. Black offers no new evidence of innocence such as might excuse his delay in filing.

See *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005).

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 24, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).